**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL RIBERA ARAUZ, by next friend ANGELA PATRICIA ARAUZ SUBIRANA,<br>Petitioner,<br>v.<br>WARDEN, Otay Mesa Detention Center, et al,<br>Respondents. | Case No.: 26-cv-4742-BJC-VET<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241 WITHOUT PREJUDICE**<br>**[ECF NO. 1]** |

On August 19, 2026, Petitioner Daniel Ribera Arauz, through his friend Angela Patricia Arauz Subirana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the following reasons, the Petition is dismissed without prejudice.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added). However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause

due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Laws., & Professors v. Bush,* 310 F.3d 1153, 1159-60 (9th Cir. 2002) (citing *Massie ex rel. Kroll v. Woodford*, 244 F.3d 1192, 1194 (9th Cir.2001)). Because it contravenes the normal concepts of Article III standing, the "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

In support of her request to act as Petitioner's "next friend" Arauz Subirana contends that Petitioner is "physically incarcerated, restrained, and unable to sign or file court documents on his own behalf." ECF No. 1 at 11. She further states that she is Petitioner's wife, has a close relationship with him and acts in his best interest. *Id.* As such, she meets both prongs required to establish next-friend standing.

However, a "next friend" must proceed with attorney representation. *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. 2023)(federal habeas statute "does not authorize the 'next friend' to proceed without an attorney. Here, Petitioner has not signed the petition, and Arauz Subirana does not appear to be an attorney. Therefore, she may not represent Petitioner as "next friend" *pro se*. Accordingly, the Court **DISMISSES** the Petition without prejudice. To have the case reopened, Petitioner must file an Amended Petition signed by Petitioner or a licensed attorney **<u>no later than September 16, 2025</u>**.

**IT IS SO ORDERED**.

Dated: August 28, 2026

Honorable Benjamin J. Cheeks
United States District Judge