UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIBERA ARAUZ,<br>Petitioner,<br>v.<br>WARDEN, Otay Mesa Detention Center; et al.<br>Respondents. | Case No.: 26-cv-4742-BJC-VET<br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>**[ECF Nos. 6, 9-10]** |

On September 14, 2026, Petitioner Daniel Ribera Arauz ("Petitioner") filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. On October 8, 2026, Respondents filed a return. ECF No. 9. On October 8, 2026, Petitioner filed a traverse. ECF No. 10. For the foregoing reasons, the Court grants Petitioner's Amended Petition.

## I. BACKGROUND

Petitioner, a national and citizen of Bolivia, entered the United States without inspection on December 3, 2024. ECF No. 6 at ¶¶ 2, 4. On December 19, 2024, Immigrations and Customs Enforcement ("ICE") processed Petitioner and issued him an Interim Notice Authorizing Parole pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.* at ¶ 4. Since

then, United States Citizenship and Immigration Services ("USCIS") has continued administering Petitioner's immigration matters. *Id*. at ¶ 5 ("USCIS received Petitioner's Form I-765 application for employment authorization … and issued a receipt notice" and then "later scheduled Petitioner for a biometrics appointment at its Application Support Center"). On August 5, 2026, while appearing for a scheduled ICE check-in, Petitioner was arrested and detained by ICE officers. *Id*. at ¶ 6. Petitioner alleges that he did not receive notice or an opportunity to be heard prior to his detention. *Id*. Petitioner is presently detained at the Otay Mesa Detention Center in San Diego, California. *Id*. at ¶ 7.

On August 19, 2026, Petitioner, through his friend Angela Patricia Arauz Subirana, filed a Petition for Writ of Habeas Corpus. ECF No. 1. On August 28, 2026, the Court dismissed the Petition without prejudice because the "next friend" filing on Petitioner's behalf did not proceed with attorney representation. ECF No. 4 at 2 ("[A] 'next friend' must proceed with attorney representation.") (citing *United States v. Caputo*, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 8, 2023)). On September 14, 2026, Petitioner, represented by counsel, filed an Amended Petition, contending that, after ICE issued him an Interim Notice Authorizing Parole, he was paroled into the United States and thereafter was granted a liberty interest in his continued freedom from detention. ECF No. 6 at ¶¶ 4-5, 55. Petitioner alleges that his subsequent detention without constitutionally adequate pre-deprivation procedures was a violation of his due process rights. *Id*. at ¶¶ 52-58. Petitioner further alleges that Respondents, in failing to provide any explanation or justification for revoking his liberty interest, acted arbitrarily and capriciously when they detained him. *Id*. at ¶¶ 59-66. Accordingly, Petitioner requested the Court to find his detention unlawful and to order his immediate release. *See id*. at ¶¶ 11, 58.

On October 8, 2026, Respondents filed a return, acknowledging that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)" and that "Petitioner was previously released from immigration custody on parole[.]" ECF No. 9 at 2. Respondents also indicated that they have "insufficient information regarding termination of [Petitioner's] parole … to provide to the Court." *Id*. Respondents "do[] not oppose the petition and defer[] to the

Court on the appropriate relief." *Id.* On October 8, 2026, Petitioner filed a traverse in support of his request for immediate release. *See* ECF No. 10.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

## III. DISCUSSION

The Fifth Amendment guarantees that "[n]o person shall be … deprived of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. This right extends to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 681 (2001); *see, e.g.*, *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."). Accordingly, once a noncitizen has "passed through our gates," they "may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law" occur. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). Due Process proceedings generally "require[] some kind of hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original); *see also Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process").

Here, Respondents do not contest that Petitioner "passed through [the] gates" in

December 3, 2024 and was soon after paroled into the United States. *See* ECF No. 6 at ¶¶ 9-11; ECF No. 9 at 2. The government's decision to release Petitioner from custody, at that time, "create[d] 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [he] fail[s] to live up to the … conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Despite this promise, Petitioner was arrested and detained by ICE officers without any indication that his parole was revoked, notice, or an opportunity to be heard. ECF No. 6 at ¶ 6. Petitioner contends that Respondents violated his due process rights by detaining him without any constitutional process and requests immediate release. ECF No. 6 at ¶¶ 11, 58; *see also* ECF No 10 at 12-15. Respondents do not dispute Petitioner's due process claim or requested relief. ECF No. 9 at 2 ("[T]he government does not oppose the petition and defers to the Court on the appropriate relief.").

The Court finds that Petitioner's due process rights were violated when he was detained without notice or an opportunity to be heard. Accordingly, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 6) and orders the following:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his pre-existing parole;
2. Respondents are **ENJOINED AND RESTRAINED** from detaining Petitioner unless Petitioner is provided with notice of the reasons for revocation of parole and a hearing to determine whether detention is warranted.

The Clerk of the Court shall close this matter.

**IT IS SO ORDERED**.

Dated: October 27, 2026

Honorable Benjamin J. Cheeks
United States District Judge